## TRIPP, *plaintiff in error*, vs. GAREY.

The commanding officer of a regiment, for the time being, is the proper officer to sign a sergeant's warrant.

The only legal evidence of the appointment of a clerk of a company of militia, is the captain's certificate on the back of his sergeant's warrant, " that he does thereby appoint him to be clerk of the company."

ERROR to reverse the judgment of a justice of the peace, given in an action of debt brought by *Garey*, as clerk of a company of militia, against *Tripp*, a private in the same company, to recover a fine for his neglect to appear at a militia training.

From the record sent up it appeared that the only evidence of *Garey's* appointment as clerk was a warrant issued by " *Timothy Shaw*, colonel elect ;" who was at that time commanding officer of the regiment, but had not then been commissioned and sworn as colonel. This warrant was addressed to *Garey* as " having been appointed by Capt. *Jeremiah Moulton*, jr. to be a sergeant and clerk" in the company under his command ; and charged him with " the duties of sergeant and clerk" accordingly. On the back of the warrant and of the same date, was a certificate of the captain, that *Garey*, " appointed clerk as within," had been duly sworn before him.

It further appeared that the notice to *Tripp* to attend the company training, was proved by the testimony of *Joseph Young*, a private in the same company ; who was admitted by the justice, though objected to as incompetent by reason of his interest, as a member of the company, in the penalty sued for.

The errors assigned were—1st, that *Garey* was not legally appointed sergeant ;—2d, that he was not legally appointed and qualified as clerk ;—3d, that *Young* was improperly admitted as a witness ;—and 4th, the general error.

*Appleton*, for the plaintiff in error, cited *Abbot v. Crawford*, 6 *Greenl.* 214 ; *Commonwealth v. Hall*, 3 *Pick.* 262 ; *Commonwealth v. Sherman*, 5 *Pick.* 239 ; 1 *Gilb. Ev.* 106—7 ; *Marquand v. Webb*, 16 *Johns.* 89 ; 1 *Phil. Ev.* 52 ; *Craig v. Cundell*, 1

*Campb.* 381 ; *Phenix v. Ingraham,* 5 *Johns.* 258 ; *Innis v. Millar,* 2 *Dal.* 50 ; *White v. Derby,* 1 *Mass.* 239 ; *Boynton v. Turner,* 13 *Mass.* 391 ; *Austin v. Bradley,* 2 *Day,* 406 ; *Temple v. Ellett,* 2 *Munf.* 252.

*Walker,* for the defendant in error, argued that in his appointment all that was substantial in the statute had been complied with ; and that to set aside these summary transactions for mere objections of form, would tend to subvert the militia system, and impair if not destroy its usefulness. He also contended that *Young* was a competent witness, his interest in the penalty being wholly contingent and remote ; depending on the will of the commissioned officers.

PARRIS J. delivered the opinion of the Court.

The first error assigned is that *Garey,* the defendant in error, was not duly and legally appointed a sergeant. The warrant, under which he claims to act, was granted by *Timothy Shaw,* who signs as colonel elect. It is manifest that until *Shaw* had been duly commissioned and taken the requisite oaths, he was not authorized, as colonel, to discharge any of the appropriate duties of that office. But the case finds that he was then the commanding officer of the regiment, and, as such, he was clothed with power to grant warrants to such non-commissioned officers as might be properly appointed for the several companies within his command. The objection that the appointment purports to be of clerk, as well as sergeant, we think does not vitiate the warrant, but that it may be deemed effectual so far as the powers of the commanding officer extended, and that the residue may be properly considered as surplusage.

Inasmuch, therefore, as *Shaw* had power, although not as colonel, yet as senior or commanding officer, to grant the warrant, it might not be going too far, perhaps, to reject the words of title annexed to his signature, and consider the instrument as his official act as commanding officer.

The next error assigned is that the defendant was not legally appointed clerk. It appears from the case that the only evidence of such an appointment is in the recital in the body of the sergeant's warrant, and a certificate, on the back, of the administration of the

requisite oaths; and we are called upon to decide whether this is a compliance with the requirement of the statute. The statute requires that " on the back of his warrant, as sergeant, the captain or commanding officer of the company shall in writing certify that he does thereby appoint him to be clerk of the company." The appointment of clerk is limited to one of the sergeants of the company, and any other appointment would be void. Had the defendant been appointed a sergeant and received his warrant as such, and was he qualified to act in that capacity, at the time of his pretended appointment as clerk? Clearly not;—for in the body of the same instrument, by virtue of which he acted as sergeant, it is recited that he had been appointed clerk. If the recital be true, it follows that his clerk's appointment was prior in time to his sergeant's warrant; or in other words that he was appointed clerk before he was qualified to act as sergeant.

But it is urged that the legality of the appointment is to be inferred from the certificate of qualification, in which it is stated that Moses Garey, appointed clerk as within, appeared, &c. It is not perceived that this phraseology can materially affect the state of the case. How was the appointment " within?" If it referred to an appointment as clerk by the captain, previous to the appointment of sergeant and the granting the warrant as such, it was an appointment of a person ineligible to the office. If it referred to the warrant itself, which purported to be for sergeant and clerk, the reply is, that so far as the body of the warrant relates to clerk, it is wholly void and inoperative, the commanding officer of a regiment or battalion not having any authority to interfere with the appointment or qualification of clerk.

The statute says, that the commanding officer of the company shall certify on the warrant that " he does thereby appoint," &c. From this language, can it be doubted that the statute contemplates an appointment after the granting the warrant, and that the entering the certificate of the captain or commanding officer on the warrant is the act whereby the appointment is to be made?

We fully assent to the correctness of the position assumed by the defendant's counsel, that the court will not disturb the judgment, if

it can be supported upon legal principles. But when a prosecutor claims a forfeiture by virtue of his official character, a portion of which accrues to himself, it is incumbent on him to establish such official character in the manner pointed out by law; otherwise the forfeiture might as well be claimed by any private citizen.

In cases of forfeiture, perhaps more strictness may be required in the proof establishing the authority, and the right of the prosecutor to claim the forfeiture, than in ordinary cases of public officers, who perform and certify official acts in which they have no special pecuniary interest adverse to any portion of the community.

We do not perceive that this case materially differs from that of *Abbot v. Crawford*, 6 *Greenl.* 214, to which we refer, as expressive of our views of the character of the office of clerk, and of the propriety of requiring all the evidence of the appointment which the statute contemplates.

While this court feels itself bound thus to apply the law in this class of cases, it has shown no disposition to encourage the avoidance of military duty by frivolous or inadequate excuses. It will require a strict performance of that duty in all cases which may come before it;—and it must, on the other hand, require unquestionable proof of authority in all those who claim to exercise it; and more especially when a forfeiture is exacted from any of the citizens.

In the case of *Hume v. Vance,* at the last term in *Washington* county, we took occasion to observe that military duty was a personal service, which was or ought to be required equally from all the citizens; and that he who claimed exemption from that service must substantiate his claim by clear and indubitable evidence.

It will be found no inconvenience or disservice to the militia to require of its officers a strict performance of their legal duties, especially when made so plain as they are by the language of that section of the statute now under consideration. It must be rather a matter of surprise that such errors should exist, considering that every officer, from the highest to the lowest, is furnished with a copy of the law, which upon this point is too plain to require explanation or to be misunderstood. They must arise from inattention to its provisions.

We have no occasion to examine the third error assigned, as, upon a full consideration of the second, we are of opinion that it is well assigned, and that the judgment must be reversed.